UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR13-00183 JSW |
| Plaintiff, | ) [~~PROPOSED~~] DETENTION ORDER |
| v. | ) |
| STEPHEN B. LOPEZ, | ) |
| Defendant. | ) |

## I. INTRODUCTION

On March 21, 2013, a grand jury in the Northern District of California charged defendant with three counts of Mail Fraud, in violation of 18 U.S.C. § 1343, seven counts of Wire Fraud, in violation of 18 U.S.C. § 1341, and two counts of Money Laundering, in violation of 18 U.S.C. § 1957. The defendant was arraigned on the charges on March 29, 2013, and released pending trial on a $100,000 personal bond. (Minute Entry entered March 29, 2013.) On April 10, 2014, the grand jury returned a superseding indictment charging the defendant with Obstruction of Justice, in violation of 18 U.S.C. § 1503, and Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1) and (c)(2). Following a detention hearing on April 11, 2014, at which the Court considered the factors set forth in 18 U.S.C. § 3142(g), for the reasons stated on the record and in this Order, the Court concludes that there are no conditions of

[~~PROPOSED~~] ORDER
CR13-00183 JSW

release that will reasonably assure the safety of any other person or the community. The prosecution has proven by clear and convincing evidence that, if released, defendant would be a danger to other persons and the community. Therefore the Court Orders the defendant detained.

## II. LAW

Under the Bail Reform Act, the Court shall hold a hearing in a case involving a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(B). Such hearing may also be held if there is a serious risk that the person sought to be detained will pose a danger to any person or the community. 18 U.S.C. § 3142(d). In making this determination, the Court shall consider:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and records concerning appearance at court proceedings; and whether at the time of arrest the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government bears the burden to establish the risk of non-appearance by a preponderance of the evidence, *see United States v. Motamedi,* 767 F.2d 1403, 1407 (9th Cir. 1985), and it must establish danger to another person or the community by clear and convincing evidence. *Id.* at § 3142(f)(2). The Court must order a defendant detained if, after a hearing pursuant to the provisions of subsection 3142(f), the Court finds that conditions or combination of conditions cannot be fashioned to assure the defendant's appearance in court or the safety of another person or the community. *See id.* § 3142(e)(1).

[PROPOSED] ORDER
CR13-00183 JSW

### III. FACTS

On March 21, 2013, a grand jury in the Northern District of California charged defendant with three counts of Mail Fraud, in violation of 18 U.S.C. § 1343, seven counts of Wire Fraud, in violation of 18 U.S.C. § 1341, and two counts of Money Laundering, in violation of 18 U.S.C. § 1957. The defendant was arraigned on the charges on March 29, 2013, and released pending trial on a $100,000 personal bond. Minute Entry entered March 29, 2013. On April 10, 2014, the grand jury returned a superseding indictment charging the defendant with Obstruction of Justice, in violation of 18 U.S.C. § 1503, and Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1) and (c)(2). The defendant was arrested on April 11, 2014, and arraigned on the charges. The government filed a written motion for detention pursuant to 18 U.S.C. § 3142(f). The government provided oral proffers on April 11, 2014 as follows:

The defendant obtained short term loans from individuals for his private equity firm, Lighthorse Ventures, LLC ("LHV"). At the time he obtained these short term loans to LHV, he failed to tell these individuals that he owed a personal civil debt to Lonestar Trust of $600,000. At the time of these activities, LHV's bank account was less than $400.00. After obtaining the short term loans, the defendant wrote a $600,000 check on LHV's account to pay off his civil debt. The owners of Lonestar are deceased. The Trustee of Lonestar at the time of these actions was JB.O., a material witness who is expected to testify in the government's trial that the defendant had wrongfully taken the monies from Lonestar.

In January 2014, in preparation for trial, the government interviewed witness JB.O. and learned: On October 31, 2013, while on pretrial release awaiting trial in the fraud case charged March 21, 2013, defendant met with JB.O. At this meeting, defendant showed JB.O. a false, forged promissory note, purportedly signed by JB.O. in May 2000. Defendant asked JB.O., "Do you remember this? JB.O. told the defendant that that was not his (JB.O.'s) signature and that the promissory note was forged. The

[PROPOSED] ORDER
CR13-00183 JSW

defendant also showed JB.O. an affidavit attesting to the false facts in the forged promissory note and asked JB.O. to sign the false affidavit. JB.O. told defendant that he would not sign the false affidavit. The defendant left the meeting. The next day the defendant emailed JB.O. and asked him to sign the false affidavit. JB.O. told the defendant he would not. A few days later, the defendant called JB.O. and asked him to sign the false affidavit and JB.O. said no again.

In February 2014, the government executed a search warrant at defendant's residence seizing his computer, hard drive and thumb drive. A computer forensic analyst examined the material and found a copy of the promissory note and affidavit.

## IV. DETENTION ORDER

Following a hearing on April 11, 2014 under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), this Court finds that no combination of conditions in section 3142(c) will reasonably assure the safety of any other person or the community. The defendant was charged by the grand jury to have committed Obstruction of Justice, in violation of 18 U.S.C. § 1503, and Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1) and (c)(2) while on supervised release pending trial before the Honorable Judge White. At the time, he was on release on a $100,000 unsecured bond after being charged with fraud and money laundering. He appeared in Court on April 11, 2014, with no family or community support and without the ability to post a secured bond.

At the hearing, the prosecutor arraigned the defendant on the charges. The defendant told the Court that he did not understand the charges against him, although he admitted that he heard the prosecutor state the charges and maximum penalties. The defendant is highly educated, holding an undergraduate degree and a MBA from Cal, and a J.D. from Stanford. This Court did not find the defendant's statement regarding his inability to understand the charges credible. Especially in light of the fact that the defendant was arraigned in March of 2013 on the Wire Fraud, Mail Fraud and Money Laundering and understood those charges at that time. It appeared to the Court that the defendant was

acting intentionally uncooperative. It is especially troubling to the Court that the defendant committed obstruction of justice and witness tampering with a material witness in the government's case, repeatedly over a series of days, while on pretrial release. This, in addition to his attitude in court on April 11, 2014, evidenced intent by the defendant not to comply with his conditions of his release and to manipulate the evidence in the case by committing further fraudulent acts and harassing a material witness to participate in such unlawful acts. As such, Defendant's detention is necessary to protect future witnesses from Defendant pending trial in this case. Given his violation of the previous conditions imposed by this court, the court finds that there are no conditions or combination of conditions the court can impose to ensure the safety of any person or the community.

## V. CONCLUSION

The Court detains the defendant as a danger to the person of another and the community. The Court orders the defendant committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4). To the extent that the defendant wishes to appeal this Court's detention order, he must file a formal appeal in writing to the district court.

IT IS SO ORDERED.

DATED: April 14, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] ORDER
CR13-00183 JSW