UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN B. LOPEZ,<br><br>Defendant. | Case No. 13-cr-00183-JSW-1<br><br>**ORDER HOLDING DEFENDANT IN CIVIL CONTEMPT, IMPOSING SANCTIONS**<br><br>Re: Dkt. No. 110 |

This matter comes before the Court on the Government's motion for an order to show cause why Defendant should not be held in civil contempt and this Court's Order to Show Cause, issued on August 4, 2021. For the reasons that follow, the Court holds Defendant in civil contempt and imposes the sanctions set forth at the conclusion of this Order.

## BACKGROUND

On October 14, 2021, as part of the judgment imposed in this case, the Court ordered Defendant to pay restitution in the amount of $1,300,000.00 and did not waive the requirement that Defendant pay interest. To date, Defendant made payments of $8,600.00 to the restitution balance.

On April 30, 2021, the Government filed a motion asking that the Court order Defendant to turnover funds it discovered were in Defendant's possession to be used to satisfy Defendant's restitution obligations. The Court granted that motion on June 14, 2021 (the "Turnover Order"). When Defendant did not comply with the Turnover Order, the Government filed its motion for an order to show cause. On August 4, 2021, the Court issued an Order to Show Cause directing Defendant to file a response by August 13, 2021.

Defendant, who is not represented by counsel, did not file a response by that date.

1  Defendant previously filed a notice in which he asserted, inter alia, that this case "and all related
2  Cases and Case numbers, sanctioning garnishment, lien, restitution, or otherwise, have been and
3  are Assessed and Settled." (Dkt. No. 115 at 2.) He also stated that he intends to "elevate these
4  matters to the next level" if the Turnover Order and writs of continuing garnishment the Court has
5  approved are not "assessed, settled, and withdrawn." (*Id.*)
6        On August 31, 2021, the Court held a hearing on the Order to Show Cause. Defendant did
7  not appear. At the conclusion of the hearing, the Court ordered the Government to file a
8  supplemental brief that clearly set forth the contempt sanctions it seeks. The Government filed its
9  supplemental brief on September 1, 2021, and Defendant filed his reply and a supplemental
10  statement on September 28, 2021 and September 30, 2021.[1] In his responses, Defendant asserts
11  the Court "is not authorized to probate the Stephen Bernard Lopez Estate" and continues to assert
12  he has settled, withdrawn, and dismissed this case with prejudice. (*See* Dkt. No. 126 at 1:15-16,
13  1:24-2:4; Dkt. No. 125.)

## ANALYSIS

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("*In re Dual-Deck*"). As the moving party, the Government bears the burden of showing by clear and convincing evidence that Defendant violated a court order "beyond … substantial compliance … and not based on a good faith and reasonable interpretation of the order[.]" *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

Contrary to Defendant's arguments, the judgment that requires him to make restitution in the amount of $1,300,000.00 is outstanding and has not been settled, withdrawn, or dismissed with prejudice. The undisputed record before the Court is that he has made payments of $8,600.00 toward that total. In the Turnover Order, the Court directed him to *either* turnover $1,598.221.62[2]

---

[1] Defendant has also filed a proposed order that asks that all monies previously garnished be returned to him. (Dkt. No. 127.) The Court DENIES that request.

[2] The Turnover Order also directed the Clerk of the Court to "return any excess funds

or to provide an accounting of those funds. Those terms and clear and definite, and Defendant has not complied with any aspect of that Order, let alone substantially complied with it. Accordingly, the Court finds clear and convincing evidence that Defendant has not complied with his Orders, and it holds him in civil contempt for his failure to do so.

The Court has the power to sanction Defendant "by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as …[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). "Civil contempt is characterized by the court's desire to compel obedience to a court order … or to compensate the contemnor's adversaries for the injuries which result from the non-compliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citations omitted). Therefore, the Court should generally impose the least coercive sanction that would be necessary to obtain compliance, and it must accompany its finding with "conditions by which contempt may be purged, spelled out in either the original order or the contempt order." *Bright*, 596 F.3d at 696; *see also United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).

The Government requests that the Court impose a daily fine of $1,000 starting one week from the issuance of this Order until Defendant complies with the Turnover Order. It also suggests that if within three weeks Defendant still has not complied with the Turnover Order, the Court should issue a bench warrant and detain Defendant until he complies with the Turnover Order and/or the Court discharges him from custody.

In light of Defendant's filings following the Turnover Order, the Court doubts that Defendant will pay a fine. However, it does conclude that at this time, a fine would be the least coercive sanction necessary to obtain compliance with the Turnover Order, at least at this time. However, it modifies the amount requested by the Government. Accordingly, the Court imposes a fine of $500.00 per day, which shall be made payable to the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California, 94102. Defendant's first payment shall be due on October 12, 2021.

---

remaining after full satisfaction of the judgment and interest" to Defendant. (Turnover Order at 1:26-27.)

At any time, Defendant may purge his contempt (1) by turning over the sum of $1,598,221.62 for payment of the outstanding restitution obligation imposed against Defendant to the Clerk of the United States District Court for the Northern District of California 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102[3] **or** (2) by providing an accounting of the transfer or expenditure of the funds, including documentary evidence of each transaction, to the U.S. Attorney's Office, Financial Litigation Program, 450 Golden Gate Avenue, 9th Floor, San Francisco, California.

However, given Defendant's recent filings, the Court will impose a greater sanction if Defendant has not complied with the Turnover Order by November 9, 2021. At that time, if Defendant has not complied with the Turnover Order and has not fully purged himself of contempt, the Government shall file a notice with the Court and a proposed arrest warrant that directs that Defendant be taken into custody to enforce compliance with its Orders. Defendant shall be detained until he purges his contempt by the means set forth above or the Court discharges him from custody.

**IT IS SO ORDERED**.

Dated: October 5, 2021

_____
JEFFREY S. WHITE
United States District Judge

---

[3] Again, if that sum exceeds the balance, the Clerk of the Court shall "return any excess funds remaining after full satisfaction of the judgment and interest" to Defendant. (Turnover Order at 1:26-27.)